IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA
Plaintiff
vs
EZECHIA MOLINA-ROSARIO
Defendant

CRIMINAL 05-0123CCC

**O R D E R**

Having considered the Motion for Miscellaneous Relief filed by defendant Ezechia Molina-Rosario on July 15, 2005 (**docket entry 34**), the United States' Motion Requesting Defendant's Mental Evaluation filed on July 19, 2005 (**docket entry 37**), defendant's opposition filed on August 8, 2005 (**docket entry 41**), the United States' reply to the opposition filed on August 9, 2005 (**docket entry 43**), and defendant's sur-reply filed on August 10, 2005 (**docket entry 44**),[1] defendant's motion for miscellaneous relief is NOTED and the government's request for a mental evaluation of defendant is GRANTED. Accordingly, pursuant to 18 U.S.C. §4241, the Court ORDERS that a psychiatric examination be conducted and that defendant Ezechia Molina-Rosario be committed to the custody of the Attorney General at FCI Butner in North Carolina or any other suitable facility closest to the court to be examined for a period not to exceed thirty (30) days. Additionally, pursuant to 18 U.S.C. §4247(c), it is ORDERED that a psychiatric report be prepared and filed with the Court with copies provided to defendant's counsel and to the attorney for the government, which shall include the following:

(1) defendant's history and present symptoms;

(2) a description of the psychiatric, psychological, and medical tests that were employed and their results;

---

[1] Both the United States' reply and defendant's sur-reply were filed without first obtaining leave from the Court as required by Local Civil Rule 7.1(c). <u>See also</u> Local Criminal Rule 112. While the Court has considered them, the parties are admonished for future instances that they must comply with any applicable provisions of the Local Rules.

(3) the examiner's findings; and

(4) the examiner's opinions as to diagnosis, prognosis and whether the person is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

The jury trial scheduled for August 26, 2005 but vacated given the pendency of the mental competency issue will be reset once this matter is resolved.

SO ORDERED.

At San Juan, Puerto Rico, on September 8, 2005.

S/CARMEN CONSUELO CEREZO
United States District Judge